

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2005

# USA v. Bautista

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1707

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Bautista" (2005). *2005 Decisions.* Paper 106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1707
_____

UNITED STATES OF AMERICA

vs.

FREDY BAUTISTA,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00186-1)
District Judge:  The Honorable John R. Padova

_____

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2004

Resubmitted on October 12, 2005, after
Remand from United States Supreme Court

Before: McKEE, NYGAARD, and CHERTOFF, Circuit Judges.*

_____

*The Honorable Michael Chertoff resigned from the Court on February 16, 2005,
and took no part in this decision. The opinion is filed by a quorum of the panel. 28
U.S.C.  46(d).

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This matter is before us on remand by the United States Supreme Court. We affirmed Baustista's conviction and sentence on July 7, 2004. The Supreme Court subsequently vacated our judgment and remanded the matter to us for further consideration in light of its opinion in United States v. Booker, — U.S. — , 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because Bautista pleaded guilty, the sole issue raised in his original appeal concerned his sentence, as imposed by the District Court. Now, Bautista requests that we remand the matter to the District Court for re-sentencing in light of Booker. The Government does not object to a remand, reserving the right to assert that, in the exercise of discretion afforded by Booker, the District Court should re-impose the same sentence imposed previously.

Having determined that the sentencing issues Bautista raises are best determined by the District Court in the first instance, we will vacate that portion of our judgment that affirmed the judgment of sentence and remand this matter to the District Court for reconsideration and, if that court deems it appropriate, for re-sentencing in accordance with Booker.

2

For the foregoing reasons, we will affirm the conviction, vacate the sentence and remand this matter to the district court for re-sentencing.